IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GAREY THOMAS, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 23-CV-0907 |
| : | |
| JAMIE SORBER, *et al.*, : | |
|     Defendants. : | |

## MEMORANDUM

**MCHUGH, J.**                                                                                   **MAY 1, 2023**

*Pro se* Plaintiff Garey Thomas, an inmate at SCI Phoenix, filed this civil rights action pursuant to 42 U.S.C. § 1983.  Mr. Thomas asserts Eighth Amendment claims related to alleged inadequate medical care after surgical placement of a Foley catheter.  Thomas seeks to proceed *in forma pauperis*.  For the following reasons, the Court will grant Thomas leave to proceed *in forma pauperis* and dismiss his Complaint in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Because some of Mr. Thomas's claims will be dismissed without prejudice, he will be granted the option of filing an amended complaint to attempt to cure the defects discussed below or proceeding only the claim that the Court concludes passes statutory screening.

I.     **FACTUAL ALLEGATIONS**[1]

Mr. Thomas names the following Defendants:  (1) Jamie Sorber, Superintendent of SCI Phoenix; (2) Dr. John Doe; (3) the "PA Dept of Corrections Med Dept"; (4) Nurse Voltz; and

---

[1] The facts set forth in this Memorandum are taken from Thomas's Complaint, which consists of the Court's form complaint available to prisoners to raise constitutional claims and a typewritten portion.  The Court will deem the entire submission to constitute the Complaint, and adopt the continuous pagination assigned to the Complaint by the CM/ECF docketing system.

(5) Wellpath.  (Compl. at 2-4.)  Thomas alleges that in January 2021, after experiencing abdominal pain and bloating, he was sent to Einstein Hospital where he underwent a surgical procedure involving the placement of a Foley catheter in his urethra.  (*Id*. at 11, 25.)  He was told by the medical providers at Einstein that the catheter would remain but had to be "changed roughly every 30 days, until it was time to take it out."  (*Id*. at 11.)  Thomas returned to SCI Phoenix on January 12, 2021.  (*Id*.)  Over the next month and a half, he had the catheter changed at least three times at the prison.  (*Id*.)  In the middle of March, for unspecified reasons, Thomas was sent back to Einstein.  (*Id*.)  When he returned to SCI Phoenix on March 25, 2021, prison medical staff were "instructed to remove [his] catheter within seven days" in accordance with the Einstein doctor's instructions.  (*Id*. at 7.)  Despite these instructions, and at least two "request slips" from Thomas, the catheter was not removed within seven days.  (*Id*.)

As of April 13, 2021, Thomas had an "infection that caused [him] to suffer sharp pains and throbbing in [his] groin and lower abdomen areas."  (*Id*.)  He tried to ease the pain with warm compresses but was ultimately sent to the infirmary.  (*Id*.)  There, he saw Defendant Dr. John Doe, who diagnosed his infection and provided him ibuprofen and a ten-day supply of antibiotics.  (*Id*.)  Dr. John Doe did not remove the catheter during this visit even though Thomas apprised him of the orders from the doctor at Einstein that it should have been removed nearly two weeks prior.  (*Id*.)

The catheter was not removed until May 4, 2021, nearly a month past the time it was supposed to be removed.  (*Id*. at 25.)  The catheter was removed by Defendant Nurse Voltz.  (*Id*. at 7.)  During the removal, it appeared that Nurse Voltz was "confused" about how to do it, which caused "unnecessary pain" and "complications."  (*Id*.)

Based on these allegations, Thomas asserts deliberate indifference claims under the

Eighth Amendment and seeks money damages.[2]  (*Id.* at 4, 10.)

## II.  STANDARD OF REVIEW

The Court will grant Thomas leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Mr. Thomas is proceeding *pro*

---

[2] Thomas also requests an "injunction to stop such violations from reoccurring."  (Compl. at 10.)  Thomas's request for an injunction must be dismissed.  Because all of his claims are predicated on past conduct, Thomas lacks standing to pursue claims for prospective injunctive relief.  *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983) (standing to pursue injunctive relief depends on whether plaintiff is "likely to suffer future injury"); *Anderson v. Davila*, 125 F.3d 148, 164 (3d Cir. 1997) ("To show irreparable harm, the party seeking injunctive relief must at least demonstrate that there exists some cognizable danger of recurrent violation of its legal rights." (internal quotations omitted)).

[3] Because Thomas is a prisoner, he must still pay the $350 filing fee in installments as mandated by the Prison Litigation Reform Act.

*se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.   DISCUSSION**

Mr. Thomas asserts Eighth Amendment deliberate indifference claims under 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

**A.   Claims against the PA Dept. of Corrections, Med. Dept**

Mr. Thomas names the "PA Dept. of Corrections, Med. Dept." as a Defendant in this case. To the extent that Thomas intends to assert claims against the SCI Phoenix medical department, such claims are dismissed. The United States Court of Appeals for the Third Circuit has made clear that a prison medical department is not a "person" for purposes of § 1983 liability. *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir.1973) (*per curiam*).

**B.   Claims against Wellpath and Related Official Capacity Claims against Wellpath Employees Dr. John Doe and Nurse Voltz**

Mr. Thomas also names as a Defendant Wellpath, a private company that contracts with SCI Phoenix to provide medical care to inmates, as well as two Wellpath employees, Dr. John Doe and Nurse Voltz. Thomas asserts claims against the Wellpath Defendants in their official and individual capacities. Official capacity claims against Wellpath employees are really

4

duplicate claims against Wellpath. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). A private corporation such as Wellpath, which is under contract to provide prison health services, may be liable under § 1983 only if that entity's policies or customs caused the alleged constitutional violation. *See Monell*, 436 U.S. at 694; *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). For such a claim to be plausible, the plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was." *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009).

A plaintiff may also state a plausible basis for liability against an entity like Wellpath by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019). In the context of a contract medical provider, the provider's "failure to train or supervise must amount to a policy or custom in disregard of an obvious risk that its employees or agents would commit constitutional violations." *Ponzini v. PrimeCare Med., Inc.*, 269 F. Supp. 3d 444, 526 (M.D. Pa. 2017), *aff'd in part, vacated in part on other grounds sub nom. Ponzini v. Monroe Cnty.*, 789 F. App'x 313 (3d Cir. 2019). Only in the narrowest of circumstances can a failure to train or supervise "said to be so obvious, that failure to do so could properly be characterized as deliberate indifference to constitutional rights even without a pattern of constitutional violations." *Id*. (quoting *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 223 (3d Cir. 2014) (internal citation and quotation marks omitted). Mr. Thomas does not tie any of the claimed violations of his constitutional rights to a Wellpath policy or custom or to Wellpath's failure to train, supervise, or discipline its staff. Accordingly, the

5

Complaint does not state a claim against Wellpath or Wellpath employees in their official capacities. The official capacity claims against Wellpath will be dismissed without prejudice. The official capacity claims against the Wellpath employees will be dismissed with prejudice as duplicative.

        **C.**      **Claims against Dr. John Doe and Nurse Voltz in their personal capacity**

Thomas asserts Eighth Amendment deliberate indifference against Dr. John Doe and Nurse Voltz. To state a constitutional claim based on the failure to provide adequate medical care, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Moore v. Luffey*, 767 F. App'x 335, 340 n.2 (3d Cir. 2019); *Parkell v. Morgan*, 682 F. App'x 155, 159-60 (3d Cir. 2017) (*per curiam*). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Furthermore, "[a] medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Allegations of medical malpractice and mere disagreement regarding proper medical treatment

are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

Mr. Thomas's deliberate indifference claim against Dr. John Doe is based on Dr. Doe's failure to provide adequate post-surgical medical care to Thomas, including the timely removal of Thomas's Foley catheter, as ordered by an Einstein doctor. At the statutory screening stage, Thomas's allegations raise a plausible inference that Dr. John Doe was deliberately indifferent to Thomas's serious medical needs. The Eighth Amendment claim against Dr. John Doe may proceed.

The allegations do not, however, support an Eighth Amendment claim against Nurse Voltz. Thomas alleges that while Nurse Voltz removed his catheter, she appeared to be confused about how to do it, which caused unspecified complications and "unnecessary pain." (Compl. at 7.) These allegations do not raise a plausible inference that Nurse Voltz was deliberately indifferent to his medical needs. There are no facts suggesting that Nurse Voltz acted intentionally to cause Thomas pain. At worst, the allegations support an inference that Nurse Voltz acted negligently in removing the catheter, which is not sufficient to establish deliberate indifference. *See Lenhart v. Pennsylvania*, 528 F. App'x 111, 115 (3d Cir. 2013) (*per curiam*) (stating that allegations of negligent diagnosing and treatment, and mere disagreement as to proper medical treatment do not raise a constitutional claim); *Gosner v. Abington Police Dep't*, No. 05-1007, 2006 WL 263634, at *2 (E.D. Pa. Feb. 1, 2006) (no deliberate indifference where nurse negligently caused the plaintiff pain and discomfort while drawing his blood but did not act intentionally to harm him). In addition, there are no allegations suggesting that Nurse Voltz was at all involved in Thomas's medical care prior to the time she removed the catheter or that

she was aware of orders from Einstein Hospital to remove the catheter but disregarded those orders.  Accordingly, the Eighth Amendment claim against Nurse Voltz will be dismissed.

       **D.**      **Claims against Jamie Sorber**

Thomas asserts Eighth Amendment claims against Superintendent of SCI Phoenix Jamie Sorber based on Sorber's involvement in responding to Thomas's grievance.  Thomas appears to only assert official capacity claims against Sorber.  (*See* Compl. at 3 (checking the box for official capacity claims but not individual capacity claims).)  As the Court noted above, official capacity claims are indistinguishable from claims against the governmental entity that employs the official, here the Pennsylvania Department of Corrections ("DOC").  *See Graham*, 473 U.S. at 165-66.  Because the DOC is an agency of the Commonwealth of Pennsylvania, it is not a "person" subject to liability under § 1983, and is in any event entitled to Eleventh Amendment immunity from suit in federal court.  *See Lavia v. Pennsylvania, Dep't of Corr*., 224 F.3d 190, 195 (3d Cir. 2000) (explaining that, "[b]ecause the Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth, it shares in the Commonwealth's Eleventh Amendment immunity" and is also not considered a person for purposes of § 1983); *see also Pettaway v. SCI Albion*, 487 F. App'x 766, 768 (3d Cir. 2012) (*per curiam*) ("[A]s a state agency and the prison it administers, the Department of Corrections and SCI-Albion are not 'persons' and thus cannot be sued under 42 U.S.C. § 1983.").  Thus, the official capacity claims against Sorber are really claims against the DOC, which is shielded from § 1983 suits by Eleventh Amendment immunity.

Because Mr.  Thomas appears to not have understood the implication of naming Sorber in his official capacity only, and because the Compliant seeks money damages for Sorber's actions, the Court will liberally construe the Complaint to assert claims against Sorber in his

individual capacity.  *See Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020) ("To determine whether a plaintiff sued state officials in their official capacity, we first look to the complaints and the course of proceedings." (quotations omitted)); *Coward v. City of Philadelphia*, No. 21-1619, 2021 WL 4169422, at *3 (E.D. Pa. Sept. 13, 2021) (permitting claim against defendant in his individual capacity to proceed even though "[plaintiff] did not check the box indicating a desire to sue [that defendant] in his individual capacity" where the allegations clearly sought relief based on the defendant's conduct).

Mr. Thomas alleges that Sorber "fail[ed] to property investigate and address [his] grievance" and instead determined that Thomas was not entitled to any compensation for his "suffer[ing]." (Compl. at 6.)  He further alleges that Sorber had "awareness and knowledge of the entire situation" but nevertheless denied him any "equitable relief," which constituted "deliberate indifference, bias, and dereliction of [] duty." (*Id.*)  Thomas states that Sorber, as the "Superior Officer of the facility," is obligated to "ensure the proper care, custody, and control of those under his authority" but that he failed to exercise that authority. (*Id.*)  These allegations do not support a plausible Eighth Amendment claim against Sorber.

There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First, a supervisor may be liable if he or she "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (*quoting A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)).  "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as

9

the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id*. Generalized allegations that a supervisory defendant is "in charge of" or "responsible for" an office or facility are insufficient to allege personal involvement in an underlying constitutional violation. *See Saisi v. Murray*, 822 F. App'x 47, 48 (3d Cir. 2020).

The Complaint contains no allegations concerning a policy, practice, or custom that caused Thomas's alleged harm. Nor are there any allegations that Sorber participated in Thomas's medical care, including decisions concerning the removal of the Foley catheter, or that Sorber even knew an Einstein doctor had directed the catheter to be removed. Thomas alleges only that Sorber failed to investigate his grievance and acknowledge that he was entitled to compensation for the suffering he endured. However, allegations concerning involvement in the grievance process, without more, are insufficient to establish a Defendant's requisite personal involvement. *See Woods v. First Corr. Med. Inc*., 446 F. App'x 400, 403 (3d Cir. 2011) (*per curiam*) ("[B]ecause a prisoner has no free-standing constitutional right to an effective grievance process, [a prisoner] cannot maintain a constitutional claim . . . based upon his perception that [the defendant] ignored and/or failed to properly investigate his grievances." (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991))); *Brown v. Nicholson*, No. 18-3328, 2020 WL 610523, at *6 (E.D. Pa. Feb. 7, 2020) (granting motion to dismiss § 1983 claim where prison superintendent's upholding of grievance denial on appeal did "not give rise to a constitutional violation" and plaintiff failed to allege any other personal involvement). Accordingly, Mr. Thomas's Eighth Amendment claims against Sorber will be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Mr. Thomas leave to proceed *in forma pauperis*, and dismiss his Complaint in part with prejudice and in part without prejudice pursuant

to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Thomas's claims against the "PA Dept. of Corrections Med. Dept." and the official capacity claims against Dr. John Doe, Nurse Voltz, and Jamie Sorber will be dismissed with prejudice. Thomas's claims against Wellpath and his claims against Nurse Voltz and Sorber in their individual capacity will be dismissed without prejudice.

The Eighth Amendment claim against Dr. John Doe in his individual capacity passes statutory screening. However, before directing service, the Court will give Mr. Thomas an opportunity to file an amended complaint in the event he can plead additional facts to state plausible claims against Wellpath, Nurse Voltz, and Sorber. In the alternative, Thomas may advise the Court that he seeks to proceed only on the claim against Dr. John Doe that passes statutory screening, at which point the Court will direct service of that claim.

An appropriate Order follows, which provides further instruction as to amendment.

**BY THE COURT:**

**/s/ Gerald Austin McHugh**

**GERALD A. MCHUGH, J.**