IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GAREY THOMAS,** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 23-CV-0907** |
| | : | |
| **JAIME SORBER,** *et al.*, | : | |
|     Defendants. | : | |

## **ORDER**

AND NOW, this 1st day of May, 2023, upon consideration of Plaintiff Garey Thomas's Motion to Proceed *In Forma Pauperis* (ECF No. 1), his Prisoner Trust Fund Account Statement (ECF No. 7), and his *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Garey Thomas, #AJ-9799, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Phoenix or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Thomas's inmate account; or (b) the average monthly balance in Thomas's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Thomas's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Thomas's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3.     The Clerk of Court is **DIRECTED** to send a copy of this Order to the Superintendent of SCI Phoenix.

4.     The Complaint is **DEEMED** filed.

5.     The Clerk of Court is **DIRECTED** to amend the caption to add Wellpath as a Defendant in this case.

6.     For the reasons stated in the accompanying Memorandum, the Complaint is **DISMISSED IN PART** as follows:

   a. Thomas's claims for injunctive relief are **DISMISSED WITHOUT PREJUDICE** for lack of standing.

   b. Thomas's claims against the "PA Dept. of Corrections Med. Dept." and the official capacity claims against Dr. John Doe, Nurse Volz, and Jamie Sorber are **DISMISSED WITH PREJUDICE** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The Clerk of Court is **DIRECTED** to **TERMINATE** the "PA Dept. of Corrections Med. Dept." as a Defendant in this case.

   c. Thomas's claim against Wellpath and his claims against Nurse Voltz and Jamie Sorber in their individual capacity are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Mr. Thomas may amend these claims in accordance with paragraph seven (7) of this Order.

7.     Mr. Thomas may file an amended complaint within thirty (30) days of the date of this Order if he seeks to amend those claims the Court dismissed without prejudice.  Any amended complaint must identify all defendants in the caption of the amended complaint in

addition to identifying them in the body of the amended complaint and shall state the basis for Thomas's claims against each defendant.  The amended complaint must also provide as much identifying information for the defendants as possible.  Mr. Thomas may refer to a defendant by last name only if that is the only identifying information possessed.  If Thomas wishes to name individuals for whom he does not have any identifying information, he may refer to those individuals as John Doe #1, John Doe #2, etc.[1]  The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim.  When drafting his amended complaint, Thomas should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum.  The amended complaint must include all of the bases for Thomas's claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims.  **For example, Mr. Thomas must include in any amended complaint the allegations supporting his § 1983 claim for the denial of medical care against Dr. John Doe if he seeks to proceed on that claim.**  Claims that are not included in the amended complaint will not be considered part of this case.  When drafting his amended complaint, Thomas should be mindful of the Court's reasons for dismissing the claims in his Complaint as explained in the Court's Memorandum.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

8.      Thomas may file an amended complaint within thirty (30) days of the date of this Order in the event he can cure the defects in the claims the Court dismissed without prejudice. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for

---

[1] Without the name of at least one individual or entity, however, the Court may be unable to direct service of any amended complaint that Thomas may file.

Thomas's claims against each defendant.  The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim.  If he chooses to draft an amended complaint, Mr. Thomas should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

9. The Clerk of Court is **DIRECTED** to send Thomas a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number.  Thomas may use this form to file his amended complaint if he chooses to do so.[2]

10. If Mr. Thomas does not file an amended complaint, the Court will direct service of his Complaint on Dr. John Doe as to the § 1983 claim for the denial of medical care, as described in the Court's Memorandum.  Thomas may also notify the Court that he seeks to proceed on this claim rather than file an amended complaint.  If he files such a notice, Thomas is reminded to include the case number for this case, 23-907.

11. The Clerk of the Court is **DIRECTED** to send Mr. Thomas (1) a copy of this Memorandum and Order, and (2) a copy of Complaint in this case (ECF No. 2).

---

[2] This form is available on the Court's website at http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

5

12. The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case if summonses are issued.

                                      **BY THE COURT:**

                                      **/s/ Gerald Austin McHugh**

                                      **GERALD A. MCHUGH, J.**