## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GAREY THOMAS,** | : | |
| | : | **CIVIL ACTION** |
| v. | : | No. 23-0907 |
| | : | |
| **JAIME SORBER,** | : | |
| **NURSE VOLTZ, &** | : | |
| **DR. JOHN DOE** | : | |

**McHUGH, J.**                                                                             **September 27, 2023**

## <u>MEMORANDUM</u>

*Pro se* Plaintiff Garey Thomas, housed at SCI Phoenix, filed this civil rights action pursuant to 42 U.S.C. § 1983. Mr. Thomas asserts Eighth Amendment claims related to alleged inadequate medical care due to complications after surgical placement and delayed removal of a Foley catheter. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), I dismissed several of Mr. Thomas's original claims in his Complaint (ECF 2) without prejudice and granted him an option of filing an amended complaint to cure the defects. Mr. Thomas substantially complied with my prior Memorandum (ECF 8) and Order (ECF 9) and filed an Amended Complaint (ECF 12) now asserting Eighth Amendment claims under § 1983 against three defendants in their individual capacities: Jaime Sorber, Superintendent of SCI Phoenix and two medical professionals, Nurse Voltz and Dr. John Doe. Nurse Voltz and Dr. Doe are employees of Wellpath, a private company that contracts with SCI Phoenix to provide medical care to inmates. Defendants filed a Motion to Dismiss Mr. Thomas's Amended Complaint. ECF 18. I will deny Defendants' Motion to Dismiss as it applies to Nurse Voltz and Dr. Doe. I will also dismiss the claims against Defendant Sorber *without prejudice*, granting Mr. Thomas an opportunity to submit a Second Amended Complaint.

I.    **Relevant Background**

The facts of this case are the same as previously discussed in section one, "Factual Allegations," from my memorandum dated May 1, 2023. May Memo 1-3, ECF 8.

II.    **Standard of Review**

Within the Third Circuit, motions to dismiss under Fed. R. Civ. P. 12(b)(6) are governed by the well-established standard set forth in *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). As Mr. Thomas is proceeding *pro se*, I construe his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

III.    **Discussion**

To state a constitutional claim based on the failure to provide adequate medical care, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.[1] In brief, a prison official is not deliberately indifferent unless they know of *and* intentionally disregard a serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

As to Dr. Doe, the Amended Complaint is sufficient. As to Nurse Voltz, it is sufficient as to claims of delay in removing the catheter; claims that she was not proficient in her technique would amount to no more than negligence which are not actionable under the Eighth Amendment.

Mr. Thomas's claim against Defendant Sorber hinges on how much Mr. Sorber knew about the outside hospital's instructions to remove the catheter and when he became aware of a serious unmet need.

---

[1] I have not reviewed the standard here because I previously set forth what constitutes deliberate indifference and a serious medical need. ECF 8 at 6-7.

Mr. Thomas alleges in his Amended Complaint that "Mr. [Sorber] was knowledgeable of the Outside Hospital Doctor's Treatment Instructions," and that Sorber "made an individual/personal choice to remain silent and not act on this knowledge." Am. Compl. 5:1, ECF 12. Mr. Thomas also alleges that Defendant Sorber "turned a blind eye to Petitioner's plea for assistance due to the denial of medical treatment (even after being informed that the Outside Hospital Doctor's Treatment Instructions were not being followed, and where the detriment and injury were made apparent to him)." *Id.* at ¶2. Furthermore, in Plaintiff's Answer to Defendants' Motion to Dismiss, he asserts that Jaime Sorber was informed about the "entire issue" before he contracted the resultant infection and still "refused to act." Answer to Defs.' Mot. to Dismiss ¶4, ECF 20.

These broad allegations do not suffice. It remains unclear precisely when Mr. Sorber was advised of a serious unmet medical need, and the extent of his knowledge. Mr. Thomas has not yet provided sufficient details about Mr. Sorber's involvement for his claim to survive.[2] Although he alleges Mr. Sorber was aware before the infection occurred, he does not specify how Mr. Sorber became aware. The exhibits attached to the original complaint show that the first grievance form was filed by Mr. Thomas on May 2, 2021, two days before the catheter was removed and a few weeks *after* the infection was diagnosed. Compl. Exs. 27-28, ECF 2. If that was Mr. Sorber's first notice it would fall far short of a constitutional violation. *See Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993) (holding that non-medical prison officials are not deliberately indifferent "simply because they failed to respond directly to the medical complaints of a prisoner who was already

---

[2] In his Amended Complaint, Mr. Thomas contends that I previously ignored his allegations that Mr. Sorber was aware of the outside hospital instructions and did not act. Am. Compl. ¶¶ 1-2. Although my previous Memo principally focused on the lack of allegations about a policy, practice, or custom that caused Mr. Thomas's harm, it remains the case that the allegations around Mr. Sorber are not sufficient to survive a direct liability claim, at least not without clarification.

being treated by the prison doctor."). Rather, the allegations here only hint at a possibility that Mr. Thomas may have directly informed Superintendent Sorber of his medical need in a timely fashion and that Sorber did nothing in response. Given the liberal pleading standard for *pro se* litigants, I will allow Mr. Thomas an opportunity to provide more detail if he can honestly do so.[3]

### IV.     Conclusion

For the reasons set forth above, Plaintiff's claims against Defendant Jaime Sorber are dismissed without prejudice. Plaintiff may submit a second amended complaint to cure the defect if desired within twenty-one (21) days of the date described in the accompanying Order. Defendants' Motion to Dismiss is therefore granted in part and denied in part.

/s/ Gerald Austin McHugh<br>
United States District Judge

---

[3] Mr. Thomas seems concerned about his ability to amend his original complaint, stating that, "Changing the documents is synonymous to altering evidence. (A criminal offense)." Answer to Defs.' Mot. to Dismiss ¶6. To reassure Mr. Thomas, I am not asking for him to change the factual assertions, but giving him a final opportunity to provide specific factual details that might render his broad allegations plausible. It is not a criminal offense for Mr. Thomas to provide additional details, if there is a genuine factual basis for his claims.